STATE v. SCALES

[114 N.C. App. 735 (1994)]

Affirmed in part, reversed in part and remanded.

Judges EAGLES and LEWIS concur.

---

STATE OF NORTH CAROLINA v. TERRY LEE SCALES

No. 9118SC412

(Filed 17 May 1994)

**Jury § 203 (NCI4th)— prospective juror—member of district attorney's staff—challenge for cause denied**

The trial court in a burglary prosecution did not err by denying defendant's challenge for cause of a prospective juror who was a member of the district attorney's staff and who stated that it might be difficult for him to give defendant a fair and impartial trial because of his position but that he thought he could follow the law. Unlike the juror in *State v. Hightower*, 331 N.C. 348, 426 S.E.2d 712, the juror in this case never stated that he would be unable to give defendant a fair and impartial trial, that he was afraid that he would hinder defendant from receiving a fair and impartial trial, or that he would have any thoughts "sticking in the back of his mind" that would prevent him from giving defendant a fair and impartial trial.

**Am Jur 2d, Jury §§ 279 et seq., 294 et seq.**

Appeal by defendant from judgment entered 12 December 1990 by Judge Marvin K. Gray in Guilford County Superior Court. Heard in the Court of Appeals 16 January 1992 and upon reconsideration pursuant to an order from the Supreme Court issued 11 February 1993 and transmitted to this panel on 12 April 1994.

Defendant was charged with second degree burglary in violation of N.C. Gen. Stat. § 14-51. The State's evidence tended to show the following: Michelle Marie Daniels and Jennifer Alver King shared an apartment at 4812 Brompton Drive in Greensboro. Both Daniels and King testified that on 8 June 1990 they left their apartment around 3:00 a.m. with two acquaintances. When they left the apartment the front and back doors were locked.

When the women returned approximately an hour to an hour and a half later, Daniels noticed that her VCR was gone. Daniels called the police, and a detective came to investigate. He discovered that the lock on the back door was loose and broken. After the detective left, the women discovered other items were missing from the apartment. These items included $45.00 in cash, three rings, a camera and a watch.

Dale Maynard, president of Kernersville Pawnbrokers, testified that the three rings were brought to his shop on 11 June 1990 as collateral for a loan. Maynard asked for personal identification and was shown a North Carolina driver's license bearing defendant's name. Maynard also testified that he had an independent recollection of defendant as the person who brought the rings to his shop.

The State also introduced into evidence defendant's written confession in which he admitted breaking into the apartment and taking a VCR, a camera and jewelry. In the statement, defendant admitted pawning the jewelry and selling the VCR to a third party. The statement also reflected defendant's recollection that he saw people leave the apartment between 8:00 and 9:00 p.m.

The defendant presented no evidence. Defendant was convicted and sentenced to 16 years in prison. From this judgment, defendant appealed, and in an unpublished opinion, this Court found no error. *State v. Scales*, 106 N.C. App. 707, 418 S.E.2d 716 (1992) (unpublished). However, our Supreme Court remanded the case with the following specific instruction: "the case is remanded to the Court of Appeals for reconsideration in light of *State v. Hightower*, 331 N.C. 636 (1992)." *State v. Scales*, 333 N.C. 348, 426 S.E.2d 712 (1993).

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Donald W. Laton, for the State.*

*Assistant Public Defender Frederick G. Lind for defendant-appellant.*

ORR, Judge.

In his first assignment of error, defendant contends that the trial court erred in denying his challenge for cause to three jurors. In this Court's original opinion in this action, we found that de-

fendant had preserved his right to bring forward this assignment of error by following the procedures of N.C. Gen. Stat. § 15A-1214(h) and (i) which states:

(h) In order for a defendant to seek reversal of the case on appeal on the ground that the judge refused to allow a challenge made for cause, he must have:

(1) Exhausted the peremptory challenges available to him;

(2) Renewed his challenge as provided in subsection (i) of this section; and

(3) Had his renewal motion denied as to the juror in question.

(i) A party who has exhausted his peremptory challenges may move orally or in writing to renew a challenge for cause previously denied if the party either:

(1) Had peremptorily challenged the juror; or

(2) States in the motion that he would have challenged that juror peremptorily had his challenges not been exhausted.

The judge may reconsider his denial of the challenge for cause, reconsidering facts and arguments previously adduced or taking cognizance of additional facts and arguments presented. If upon reconsideration the judge determines that the juror should have been excused for cause, he must allow the party an additional peremptory challenge.

We also found, however, that defendant had failed to show why these jurors were unable to be fair and impartial. Thus, based on *State v. Sanders*, 317 N.C. 602, 346 S.E.2d 451 (1986), we overruled defendant's assignment of error and found no error with the judgment of the trial court.

We now reconsider our decision in light of *State v. Hightower*, 331 N.C. 636, 417 S.E.2d 237 (1992). The facts in *Hightower* show that defendant assigned as error the denial of his challenge for cause as to one juror, Juror Browning. During the selection of the jury, counsel for defendant informed Juror Browning that the defendant might not present any evidence. Then counsel for defendant stated: "Now, do you feel like if [defendant] didn't take the witness stand, do you feel like that might affect your ability to

give him a completely fair and impartial trial . . . ?" *Id.* at 637, 417 S.E.2d at 238. Juror Browning answered, "Yes[.]" *Id.* After the trial court explained to Juror Browning that "our law and the Constitution gives [defendant] the right not to testify if he so elects, and [that] the law also says that that decision . . . not to testify, is not to be held against him, and that [he], as a juror, [was] not to consider [defendant's] silence in anyway [sic] in [his] deliberations," the trial court asked Juror Browning whether he could follow that law. *Id.* at 638, 417 S.E.2d at 238. Juror Browning stated, "I'm just trying to think and give you a fair answer." *Id.*

Subsequently, the trial court again asked Juror Browning whether he could follow the law, and Juror Browning stated, "Yeah, I could follow it, if it's the law." *Id.* at 638, 417 S.E.2d at 239. The trial court then asked Juror Browning if the "law says that you're not to use, or consider in anyway, the defendant's silence against him in your deliberations, you could do that, is that what you're saying?" *Id.* Juror Browning responded, "I still feel like it might stick in the back of my mind, even though I—you know, I'll try to discount it, but I—." *Id.* Thereafter, the trial court asked Juror Browning if he would make every effort to follow the law, and he stated that he would but indicated again that the fact that defendant did not take the stand would stick in the back of his mind. The trial court asked Juror Browning, "If you know something, you can't erace [sic] it completely, but could you—even being aware of that, could you just not let it affect your decision in anyway [sic]?" *Id.* at 639, 417 S.E.2d at 239. Juror Browning answered:

> I can't tell you for sure, because if the, you know, first degree murder charge is pretty serious, and I don't want—I want to give an impartial decision, and I don't want anything to hinder it, and I'm afraid that might hinder it.

*Id.*

At the outset, our Supreme Court set out the applicable provisions of N.C. Gen. Stat. § 15A-1212 that:

> A challenge for cause to an individual juror may be made by any party on the ground that the juror:
>
>     . . .

(8) As a matter of conscience, regardless of the facts and circumstances, would be unable to render a verdict with respect to the charge in accordance with the law of North Carolina.

(9) For any other cause is unable to render a fair and impartial verdict.

*Id.* at 640, 417 S.E.2d at 240.

Thereafter, our Supreme Court concluded that "defendant's challenge for cause should have been allowed under both section (8) and (9) of N.C.G.S. § 15A-212 [sic]." *Id.* at 641, 417 S.E.2d at 240. In reaching this conclusion, our Supreme Court stated:

[w]hen the defendant's attorney first asked if the defendant's failure to testify would affect the juror's ability to give him a fair and impartial trial, the juror said "[y]es." When the court questioned the juror, he said on one occasion that he could follow the law as given to him by the court but he repeatedly said the defendant's failure to testify would "stick in the back of my mind" while he was deliberating. On one occasion he told the court, "I want to give an impartial decision, and I don't want anything to hinder it, and I'm afraid that might hinder it." In [counsel for defendant's] last question to the juror, he asked if the juror had serious concerns that the defendant's failure to testify "might affect your ability to give him a fair trial[.]" The juror said "[r]ight." We can only conclude from the questioning of this juror that he would try to be fair to the defendant but might have trouble doing so if the defendant did not testify. In this case the defendant did not testify.

We have said that the granting of a challenge for cause of a juror is within the discretion of the judge. *State v. Quick*, 329 N.C. 1, 17, 405 S.E.2d 179, 189 (1991); *State v. Watson*, 281 N.C. 221, 227, 188 S.E.2d 289, 293, *cert. denied*, 409 U.S. 1043, 34 L. Ed. 2d 493 (1972). Nevertheless, in a case such as this one, in which a juror's answers show that he could not follow the law as given to him by the judge in his instructions to the jury, it is error not to excuse such a juror. It was error for the court not to allow the challenge for cause to Juror Browning in this case.

*Id.* at 641, 417 S.E.2d at 240.

After concluding that the denial of the challenge for cause to Juror Browning constituted error, the trial court addressed the question of whether this error was prejudicial error. The Court stated:

> The question we next face is whether the failure to allow this challenge for cause was prejudicial error. After the challenged juror was excused and the defendant had exhausted his peremptory challenges, he renewed his challenge for cause to Juror Browning and told the court he would peremptorily challenge the juror then being questioned if he had not exhausted his peremptory challenges. Although this juror might not have been subject to a challenge for cause, it was the prerogative of the defendant as to whether to exercise a peremptory challenge. He was deprived of this right and for this reason there must be a new trial.

*Id.*

In the present case, defendant contends in part that the trial court erred in denying his challenge for cause as to juror number 10, a member of the district attorney's staff for Guilford County. The following dialogue is reflected in the transcript of the *voir dire*:

> MR. LIND: [Juror number 10], do you feel because of your position, it might be difficult for you to give [defendant] a completely fair and impartial trial?
>
> JUROR NO. 10: I think it might be difficult, but I think I can follow the law.
>
> . . .
>
> MR. LIND: Well, wouldn't you tend to—wouldn't you say you're prosecution oriented?
>
> JUROR NO. 10: I'm a prosecutor by profession.
>
> MR. LIND: Right, and you've been doing it how many years now?
>
> JUROR NO. 10: I've been in this office for about six years.
>
> . . .

STATE v. SCALES

[114 N.C. App. 735 (1994)]

MR. LIND: And wouldn't you agree that it would be difficult for you to really be totally fair and impartial and give [defendant] a fair trial?

JUROR NO. 10: I think I indicated . . . that there's a certain amount of difficulty, but I think I could follow the law.

MR. LIND: Well, you'd attempt to follow the law, but it would be a rather difficult and awkward position for you?

[STATE:] We OBJECT. Now he's arguing with the juror.

THE COURT: Objection is SUSTAINED. Mr. Lind, he's told you that it would be difficult, but that he could do—he could perform the duties of a juror. That's not a ground for challenge.

Our review of the answers given by Juror Browning in *Hightower* shows that these answers are distinguishable from the answers given by juror number 10 in the case *sub judice*. Unlike Juror Browning, juror number 10 never stated that he would be unable to give defendant a fair and impartial trial or that he was afraid that he would hinder defendant from receiving a fair and impartial trial. Instead, juror number 10 stated that although it might be difficult, he thought he could follow the law. Also unlike Juror Browning, juror number 10 gave no indication that he would have any thoughts "sticking in the back of his mind" that would prevent him from 'giving defendant a fair and impartial trial. Accordingly, we conclude that as a matter of law, the answers given by juror number 10 did not fall within the rule set out in *Hightower* and that the trial court did not abuse its discretion in denying defendant's challenge to juror number 10 for cause.

Additionally, we find that the holding in *Hightower* is not controlling as to defendant's challenges to juror number 6 and juror number 12 for cause and again find that the trial court did not abuse its discretion in denying defendant's challenge for cause as to these jurors.

As to defendant's other assignments of error, the Supreme Court has not required us to reconsider these assignments of error, as *Hightower* does not address the issues involved. Accordingly, for the reasons stated in our original opinion, we find no error as to the remaining assignments of error. *See State v. Scales*, (No. 9118SC412, filed 7 July 1992), 106 N.C. App. 707, 418 S.E.2d 716.

No error.

Judges EAGLES and COZORT concur.