**STATE v. SHOPE**

[118 N.C. App. 270 (1995)]

STATE OF NORTH CAROLINA v. GARY LEONARD SHOPE

No. 9430SC64

(Filed 21 March 1995)

**Jury §§ 192, 202 (NCI4th)— juror with preconceived opinion
of defendant's guilt—denial of challenge for cause—preju-
dicial error**

The trial court erred in denying defendant's challenge for
cause of prospective juror who clearly stated that she believed
defendant was guilty and that the burden would be on defendant
to prove his innocence; furthermore, the error was prejudicial to
defendant because it stripped him of a peremptory challenge and
prevented him from excusing another unacceptable juror who
worked with the victim's brother for several years and who would
be testifying for the State.

**Am Jur 2d, Jury §§ 266 et seq., 291 et seq., 335.**

Appeal by defendant from judgment entered 9 April 1993 by Judge
James U. Downs in Graham County Superior Court. Heard in the
Court of Appeals 24 October 1994.

Defendant was tried capitally for the murder of Lillian Porter.
Evidence at trial tended to show that following an argument defend-
ant struck Porter repeatedly with a stick at her Lake Santeela camp-
site. Ms. Porter suffered massive head trauma and died as a result of
the injuries. After the murder, defendant, who had dated Porter for
approximately two years, was found with blood on his clothing and
acknowledged striking Porter. The jury returned a verdict of guilty on
the lesser included offense of second degree murder. The trial court
sentenced defendant to thirty-five years imprisonment. Defendant
appeals.

*Attorney General Michael F. Easley, by Special Deputy Attorney
General Jacob L. Safron, for the State.*

*Appellate Defender Malcolm R. Hunter, Jr., by Assistant
Appellate Defender Gordon Widenhouse, for defendant
appellant.*

ARNOLD, Chief Judge.

Defendant brings forth several arguments on appeal. In his first
argument, defendant contends the trial court erred during jury selec-

STATE v. SHOPE

[118 N.C. App. 270 (1995)]

tion in denying a challenge for cause, and that this denial violated his rights to a fair trial and due process of law. We agree.

During jury selection, defendant moved to excuse juror Waldroup for cause. Waldroup was an employee of the Graham Star, the local newspaper, and well aware of the case before becoming a member of the jury pool. During voir dire, the following exchange occurred between the district attorney and Waldroup:

Q. Anything that you remember about those that would cause you to have already formed an opinion about the guilt or innocence of Mr. Shope?

A. Well, *as of right now the burden of proof would have to be on the defense as far as I'm concerned.*

Q. So are you saying that you would not hold the state in that case to a burden of beyond a reasonable doubt as far as proof is concerned?

A. No.

A short time later, further questioning by defense counsel revealed the following:

Q. Ms. Waldroup, a minute ago you answered one of the district attorney's questions and you said that you believed that, and I may have taken this wrong, or you may have made a misstatement, but the way I understood it *you said that you would require the defendant to prove his innocence?*

A. Right.

Q. You would?

A. That's what I meant, yes.

Q. And that's what you meant?

A. Yes.

Q. So for that reason, Ms. Waldroup, would you be unable to render a verdict in accordance with the law given the fact that our law is that it's up to the state to prove the defendant's guilt beyond a reasonable doubt?

A. I can hear the evidence and I would be fair. I mean I would listen to both sides, but I'm just human, *what I have heard thus far, I have come to the conclusion that I think he's guilty.*

**STATE v. SHOPE**

[118 N.C. App. 270 (1995)]

Following this exchange, defense counsel moved to excuse Waldroup for cause. Prior to ruling, the trial court asked a series of presumably rehabilitative questions, the substance of which is shown below:

THE COURT: Ms. Waldroup, do you understand that what you've heard so far, whatever that may be, is not evidence?

A.   Absolutely.

THE COURT: That's just talk on the street or things that you've read or third or fourth hand information?

A.   Yes.

THE COURT: And that whatever conclusion that a juror would come to in this case is to be based upon what comes to you from the witness stand in this case and no other place, and so much of that as you see fit to believe, you understand that?

A.   Yes.

THE COURT: And regardless of what the source of your prior information is, can you put that aside, not consider it in any way whatsoever, and come to whatever conclusion that you come to in this case based upon the evidence that you hear here and nowhere else?

A.   Well, I can put it aside, but just like I said, I would listen carefully, I would try to be as fair as possible; but just like I said, right now with what I have heard and what I have read and, you know, what has been discussed, you know, I would have to—*he would have to be proven innocent instead of guilty.*

THE COURT: Well, I'll go one step further. Do you understand that he has no burden to prove anything?

A.   Yes, I understand everyone is innocent until proven guilty.

THE COURT: Ma'am?

A.   I said I know that everyone *should* be considered innocent until proven guilty.

THE COURT: Well, they are presumed innocent until proven guilty.

A.   Yes, yes.

THE COURT: Can you not accept that premise?

A.    Yes, I can, I'm just talking about a very personal opinion which I think everyone has.

THE COURT: The question, the ultimate question is can you put those personal opinions aside, those dialogues and communications aside, and not consider them and base whatever decision that you make in this case, if you serve as a juror, upon the evidence that you hear in this courtroom; that is, so much of as you see fit to believe? Yea or nea?

A.    Yes, I can.

THE COURT: Thank you, ma'am. Denied.

Before using a peremptory challenge to dismiss Waldroup, defendant questioned her further about her opinions. This exchange is set out below:

Q:   Ms. Waldroup, given what you have told me earlier about your beliefs about the burden of proof, do you believe that you could be totally fair to Mr. Shope in this case?

A.    Well, I certainly hope I could. It's like I said, the reason I have come to that conclusion now is because I haven't heard any other evidence so, I mean that's all I have to go on. Now I think that maybe, I mean everybody says that they haven't formed an opinion but I think most people do and I have.

Q.   You have formed an opinion about his guilt or innocence?

A.    Yes.

Q.   Okay, given that fact, isn't it true that you could not be totally fair to Mr. Shope, given what Judge Downs has told you about the law?

A.    Possibly not, I don't know.

Defendant ultimately dismissed Waldroup peremptorily. When he encountered another juror he found unacceptable, but who he could not challenge for cause, defendant had already exhausted his peremptory challenges and could not excuse the juror.

A challenge for cause may be made on the ground that the juror "[h]as formed or expressed an opinion as to the guilt or innocence of the defendant." N.C. Gen. Stat. § 15A-1212(6) (1988). It may also be

made where the juror "would be unable to render a verdict with respect to the charge" or "is unable to render a fair and impartial verdict." N.C. Gen. Stat. § 15A-1212(8), (9) (1988). "Challenges for cause are granted to ensure that defendants are tried by fair, impartial, and unbiased juries." *State v. Leonard*, 296 N.C. 58, 62, 248 S.E.2d 853, 855 (1978). The trial court's ruling on a challenge for cause rests in its sound discretion. *State v. Cunningham*, 333 N.C. 744, 429 S.E.2d 718 (1993).

Typically, "a juror who has formed an opinion as to defendant's guilt or innocence is not impartial and ought not serve." *State v. Corbett*, 309 N.C. 382, 386, 307 S.E.2d 139, 143 (1983). Our Supreme Court held in *Cunningham* that the trial court abused its discretion when it failed to excuse for cause a juror who was confused about, misunderstood, or reluctant to follow the law concerning defendant's presumption of innocence. *Cunningham*, 333 N.C. 744, 429 S.E.2d 718. It is clear, however, that where a juror credibly maintains that he can put his opinion aside and render a verdict on the evidence presented, the court will not have erred in denying defendant's motion to remove the juror for cause. *See State v. Cummings*, 326 N.C. 298, 389 S.E.2d 66 (1990) (holding that trial court did not err in failing to excuse juror for cause where juror stated that he could put aside his preconceived notions as to defendant's guilt or innocence); *but see State v. Hightower*, 331 N.C. 636, 417 S.E.2d 237 (1992) (holding that trial court erred in denying challenge for cause where juror stated that defendant's failure to testify might stick in the back of his mind, but who agreed to make every effort to follow the law whether he agreed with it or not).

We believe the trial court erred in denying defendant's challenge for cause. Waldroup clearly stated that she believed defendant was guilty, and that he would have to be proven innocent. The rehabilitative exchange with the trial court did not demonstrate any change in her position and we are not persuaded by her ultimate agreement to follow the law. In fact, during the trial court's rehabilitation she reiterated her belief that the burden would be on defendant to prove his innocence. Later, when questioned about the presumption of innocence, she prefaced her acknowledgement of that principle with the word "should". It is evident that although she ultimately agreed to be fair and put away her preconceptions, she still adhered to her prior statements. This adherence is reflected in her statements to counsel during subsequent questioning and we cannot point to any exchange between Waldroup and the trial court which satisfies us that

HOUSECALLS NURSING SERVICES v. LYNCH

[118 N.C. App. 275 (1995)]

Waldroup abandoned or set aside her rather strong preconceptions of defendant's guilt and her placement of the burden of proof. Her agreement to follow the law is really no better than that expressed by the juror in *Hightower*. The trial court erred in failing to excuse her for cause.

This error was prejudicial because it stripped defendant of a peremptory challenge and prevented him from excusing another unacceptable juror. This juror worked with the victim's brother, who would be testifying for the State, for several years and defendant believed he would be sympathetic to the prosecution. Because the trial court's error deprived defendant of his right to excuse this juror peremptorily, there must be a new trial. *See Hightower*, 331 N.C. 636, 417 S.E.2d 237 (awarding defendant new trial for erroneous denial of challenge for cause where error deprived defendant of his prerogative to excuse another juror peremptorily).

New Trial.

Judges COZORT and LEWIS concur.