STATE OF NORTH CAROLINA v. FLOYD COLLINS WILLIAMS

No. 773SC550

(Filed 2 November 1977)

1. **Criminal Law § 74.3— admission of co-defendant's statements—error cured by co-defendant's subsequent testimony**

    Any violation of the rule of *Bruton v. United States*, 391 U.S. 123, by the admission of a co-defendant's statements which implicated defendant by his silence at the time they were made was cured when the co-defendant thereafter changed his plea to guilty and testified at the trial.

2. **Criminal Law § 76.5— co-defendant's incriminating statements—voir dire hearing—dictation of findings after trial**

    Defendant was not prejudiced by the court's failure to dictate its findings of fact on voir dire relating to the admission of a co-defendant's statements implicating defendant until approximately one month after the trial, although it is the better practice for the court to make such findings at some stage during the trial.

APPEAL by defendant from *Browning, Judge.* Judgment entered 11 February 1977, in Superior Court, PITT County. Heard in the Court of Appeals 24 October 1977.

Defendant was charged by two indictments with feloniously breaking and entering two occupied buildings, with the intent to

commit larceny, and larceny. To each indictment, he entered a plea of not guilty. Prior to trial, and over objection, defendant's trial was consolidated with that of defendant, Clarence Wise. A jury found defendant guilty on all counts and from that conviction he appeals to this Court.

*Attorney General Edmisten, by Associate Attorney Donald W. Grimes, for the State.*

*Everett & Cheatham, by James T. Cheatham, for defendant appellant.*

ARNOLD, Judge.

[1] The first issue presented by defendant on this appeal is whether the trial court cured a violation of the rule of *Bruton v. United States*, 391 U.S. 123, 20 L.Ed. 2d 476, 88 S.Ct. 1620 (1968), by allowing a co-defendant, whose incriminating statement had been admitted into evidence, subsequently to change his plea of not guilty and to testify. The record shows that State's witness Annie Simpson offered the following testimony:

> "On a day which the case at hand had been set for some sort of disposition in the courthouse, I don't remember exactly when, I had a conversation with defendant Wise. Out in the hallway, with defendant Williams standing with him, defendant Wise said, 'Mrs. Simpson, I'm sorry. If I knew you lived there, I wouldn't have went in your house. I thought whites lived there.' That is what he told me and I asked him, what difference did that make, who lived there."

The *Bruton* case held that where a co-defendant did not testify, the introduction of his confession, implicating the other co-defendant, added substantial weight to the government's case in a form not subject to cross-examination and, therefore, violated the other co-defendant's right of cross-examination secured by the Confrontation Clause of the Sixth Amendment.

Assuming, *arguendo*, that defendant was implicated by his silence during the conversation between Mrs. Simpson and Wise, we nevertheless must conclude that any violation of the *Bruton* rule was cured by Wise's later testimony in defendant's trial. Defendant admits that at that time he had the opportunity to cross-examine his former co-defendant; hence, the underlying

reason of the *Bruton* decision is not present in the instant case. *See, e.g., Duggar v. United States,* 434 F. 2d 345 (10th Cir. 1970).

[2] Defendant's second argument is that the trial court erred when it dictated its findings of fact on *voir dire* relating to the admission of statements of co-defendant Wise, after court had adjourned and approximately one (1) month after trial. While we agree with *State v. Doss,* 279 N.C. 413 at 424, 183 S.E. 2d 671 at 678 (1971), modified and remanded 408 U.S. 939, 33 L.Ed. 2d 762, 92 S.Ct. 2875 (1972), that "it is better practice for the court to make such findings at some stage during the trial, preferably at the time the statement is tendered and before it is admitted," defendant has failed to set forth any prejudice which resulted from the trial court's delay.

Having reviewed defendant's other assignment of error, we conclude that there was

No error.

Chief Judge BROCK and Judge PARKER concur.