STATE OF NORTH CAROLINA v. STACY ANDREW JUDD

No. COA97-213

(Filed 6 January 1998)

**Appeal and Error § 81 (NCI4th)— motion to suppress cocaine allowed—appeal by State—no certification by prosecutor—dismissed**

An appeal by the State from the granting of a motion to suppress fifty-two grams of crack cocaine in a prosecution for cocaine possession and trafficking was dismissed where there was no indication in the record that the prosecutor certified to the trial court that the appeal was not taken to cause delay and that the suppressed evidence was essential to the State's case. N.C.G.S. § 15A-979(c).

Appeal by the State from order filed 2 December 1996 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 17 November 1997.

**STATE v. JUDD**

[128 N.C. App. 328 (1998)]

*Attorney General Michael F. Easley, by Assistant Attorney General John G. Barnwell, for the State.*

*R. Allen Lytch, P.A., by R. Allen Lytch and Sheila Stafford Pope, for the defendant appellee.*

GREENE, Judge.

The State appeals from the trial court's order allowing Stacy Andrew Judd's (defendant) motion to suppress evidence of fifty-two grams of crack cocaine seized from him.

On 14 October 1996, the defendant was indicted for conspiracy to traffic in cocaine by possession and transportation and for trafficking cocaine by possession and transportation. The defendant made a motion to suppress the evidence seized, fifty-two grams of crack cocaine, and contended it was obtained in violation of his rights under the United States Constitution and the North Carolina Constitution. The trial court granted the motion to suppress and the State appealed.

---

The dispositive issue is whether this Court has jurisdiction over the State's appeal.

"The State may appeal an order by the superior court granting a motion to suppress as provided in G.S. 15A-979." N.C.G.S. § 15A-1445(b) (Supp. 1996). Subsection (c) of N.C. Gen. Stat. § 15A-979 provides that a superior court order that grants a motion to suppress is appealable "prior to trial upon certificate by the prosecutor to the judge who granted the motion that the appeal is not taken for the purpose of delay and that the evidence is essential to the case." N.C.G.S. § 15A-979(c) (1988). The burden is on the State to show that it has the right to appeal and has appealed in accordance with the requirements of the statute. *State v. Dobson*, 51 N.C. App. 445, 447, 276 S.E.2d 480, 482 (1981).

In this case, there is no indication in the record that the prosecutor certified to the trial court, which granted the motion to suppress, that the appeal was not taken to cause delay and that the suppressed evidence was essential to the State's case. Because the State did not follow the mandate of section 15A-979(c), this Court is without jurisdiction over the appeal. *State v. McDonald*, 55 N.C. App. 393, 394, 285 S.E.2d 282, 283 (1982).

**STATE v. JUDD**

[128 N.C. App. 328 (1998)]

Dismissed.

Chief Judge ARNOLD and Judge McGEE concur.