STATE OF NORTH CAROLINA v. WOODIE LOCKLEAR, DEFENDANT

No. COA00-875

(Filed 7 August 2001)

## 1. Homicide— first-degree murder—short-form indictment—constitutionality

The use of a short-form indictment in a first-degree murder case was not erroneous even though it failed to cite the elements of premeditation and deliberation and lying in wait, because our Supreme Court has consistently upheld the constitutionality of this indictment.

## 2. Jury— selection—reopening examination—number of peremptory challenges

The trial court erred in a first-degree murder case by denying defendant the full number of peremptory challenges during jury selection as required by N.C.G.S. § 15A-1217 when it reopened examination of a juror previously accepted by the parties and ruled that defendant had no peremptory challenges remaining with which to excuse this juror because: (1) N.C.G.S. § 15A-1217(a)(1) allows defendants tried capitally to have fourteen peremptory challenges, and N.C.G.S. § 15A-1217(c) allows each party one peremptory challenge for each alternate juror in addition to any unused challenges; (2) defendant exercised eleven peremptory challenges in seating the regular jury and then exercised three peremptory challenges in seating the two alternate jurors for a total of fourteen challenges, meaning defendant had two peremptory challenges remaining; and (3) defendant was not required to exhaust his supply of peremptory challenges left over from regular jury selection until he had used both of the challenges allotted for alternate jurors.

### 3. Evidence— defendant's oral and written statements given to police—pretrial motion to suppress

Although a defendant in a first-degree murder case assigns error to the trial court's denial of his pretrial motion to suppress evidence of the oral and written statements defendant gave to police shortly after his estranged wife's death, the ruling will not be addressed because: (1) the Court of Appeals vacated the judgment and determined that defendant is entitled to a new trial; (2) rulings on motions in limine are merely preliminary and subject to change during the course of the trial; and (3) defendant may appeal from the ruling in the event he is convicted at the second trial if he properly preserves this issue at the second trial.

Appeal by defendant from judgment entered 3 September 1999 by Judge James R. Vosburgh in Harnett County Superior Court. Heard in the Court of Appeals 7 June 2001.

*Attorney General Michael F. Easley, by Assistant Attorney General John F. Maddrey, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Danielle M. Carman, for defendant.*

HUDSON, Judge.

Defendant was convicted of the first degree murder of his wife, Peggy Locklear, in a capital trial. He contends he was denied the full number of peremptory challenges due to him in jury selection under N.C.G.S. § 15A-1217 (1999). We agree and remand for a new trial on this basis.

The State presented evidence tending to show that defendant was seen hanging around a convenience store near the trailer of his estranged wife, Peggy Locklear (Locklear), on 22 October 1998. Locklear left for work at 3:30 p.m. that day and returned after 1:00 a.m., being driven by her co-worker, Kona Scott (Scott). As Locklear exited Scott's car, defendant ran up and began stabbing Locklear with a knife. Scott honked her car horn and defendant ran away, but Locklear did not survive the attack.

Defendant was convicted of first degree murder by virtue of lying in wait and premeditation and deliberation. The jury recommended a sentence of life without parole, and the trial court entered judgment accordingly. Defendant filed notice of appeal to this Court.

STATE v. LOCKLEAR

[145 N.C. App. 447 (2001)]

**[1]** Defendant contends his first degree murder conviction must be vacated, because the indictment in which he was charged with murder failed to cite the elements of premeditation and deliberation and lying in wait in violation of his rights under the Fifth, Sixth, and Fourteenth Amendments of the federal constitution and Article I, §§ 19, 22, and 23 of the state constitution. Defendant was charged using the short-form indictment authorized by N.C.G.S. § 15-144 (1999). Our Supreme Court has consistently ruled that the use of the short-form indictment based upon this statute is not violative of defendants' rights under the United States and North Carolina Constitutions. *State v. Wallace*, 351 N.C. 481, 504-05, 528 S.E.2d 326, 341, *cert. denied*, —— U.S. ——, 148 L. Ed. 2d 498 (2000). Defendant's assignment of error is without merit.

Defendant next contends the trial court committed several errors during jury selection. The parties began selecting a jury on 17 August 1999. On August 18, defendant accepted Virginia Slaughter to be a juror. On August 24, defendant challenged prospective juror Hilary Britt for cause, on the grounds that Britt's daughter had already been seated as a juror and Britt stated on *voir dire* that he strongly believed family members should not serve together on a jury. The trial court denied defendant's challenge for cause, and defendant proceeded to exercise a peremptory challenge against Britt. Between August 17 and August 24, defendant used a total of eleven peremptory challenges against prospective jurors for seats one through twelve. On August 25, the parties began selecting two alternate jurors. Defendant used a total of three peremptory challenges against prospective jurors for alternate seat one. By August 26, defendant had accepted two alternate jurors.

On the morning of August 27, juror Virginia Slaughter did not report for duty. A court clerk called Slaughter's daughter to try to locate her, and Slaughter's daughter allegedly told her that Slaughter had memory problems. The judge said that this surprised him, but recalled that Slaughter had appeared at the courthouse on two occasions when she had not been instructed to come. He then suggested that they move one of the alternates into Slaughter's position on the jury and select a new alternate. Before this selection took place, Slaughter appeared for jury duty.

The judge then asked her a number of questions regarding her reasons for not coming to court earlier that morning and her fitness to serve, and allowed both the prosecutor and defense counsel to question her as well. Slaughter indicated that she had had a light

stroke, but that she felt able to serve on the jury. At the close of the questioning, defendant made a motion to excuse Slaughter for cause, which motion was denied.

Defendant then moved to exercise a peremptory challenge against Slaughter. The trial court stated that defendant had exercised all of his peremptory challenges for the regular jury and that he only had challenges remaining for alternate jurors. Defendant then asked the judge to revisit his ruling refusing to dismiss juror Hilary Britt for cause, in an effort to gain back the peremptory challenge he had exercised to excuse Britt. The court again denied defendant's challenge to Britt for cause. The jury was then impaneled.

[2] Defendant contends the trial court erred in denying his challenges for cause against Slaughter and Britt, and in ruling that he had no peremptory challenges remaining with which to excuse Slaughter. We will first address the issue of defendant's peremptory challenge against Slaughter. The applicable statute, N.C.G.S. § 15A-1214(g) (1999), provides:

If at any time after a juror has been accepted by a party, and before the jury is impaneled, it is discovered that the juror has made an incorrect statement during *voir dire* or that some other good reason exists:

(1) The judge may examine, or permit counsel to examine, the juror to determine whether there is a basis for challenge for cause.

. . . .

(3) If the judge determines there is no basis for challenge for cause, any party who has not exhausted his peremptory challenges may challenge the juror.

In the present case, after Slaughter was chosen as a juror but before the jury was impaneled, the judge examined and allowed counsel to examine Slaughter with regard to whether good reason existed to excuse her. When the judge rejected defendant's challenge for cause, defendant was entitled by statute to exercise a peremptory challenge against Slaughter if he had any remaining. The judge determined he had none remaining. We disagree.

Under G.S. § 15A-1217(a)(1), defendants tried capitally are allowed fourteen peremptory challenges. Furthermore, under G.S. § 15A-1217(c), "[e]ach party is entitled to one peremptory challenge

for each alternate juror in addition to any unused challenges." In the present case, defendant exercised eleven peremptory challenges in seating the regular jury. He then exercised three peremptory challenges in seating the alternate jurors, for a total of fourteen challenges. He thus used twelve of the peremptory challenges allotted under G.S. § 15A-1217(a)(1) and two challenges allotted under G.S. § 15A-1217(c) in seating the jury. As such, he had two peremptory challenges remaining at the time he attempted to exercise a peremptory challenge against Slaughter.

It appears from the record that the trial court believed that defendant was required to use the three peremptory challenges he had remaining after seating the regular jury before being able to use the additional challenges allotted for alternate jurors. We do not believe the statute so requires. Defendant was not required to exhaust his supply of peremptory challenges left over from regular jury selection until he had used both of the challenges allotted for alternate jurors in G.S. § 15A-1217(c). The latter statute specifies that a defendant is entitled to two peremptory challenges for alternate jurors "*in addition to* any unused challenges" (emphasis added).

The decision whether to reopen examination of a juror previously accepted by the parties is within the discretion of the trial court. *State v. Freeman*, 314 N.C. 432, 437, 333 S.E.2d 743, 747 (1985). However, once the court has decided to reopen the examination, the parties have "an absolute right" to exercise any remaining peremptory challenges. *Id.* at 438, 333 S.E.2d at 747. "The right to challenge a given number of jurors without showing cause is one of the most important of the rights secured to the accused . . . ." *Id.* (citation omitted). Thus, defendant was denied his fundamental right to exercise the full number of peremptory challenges allotted to him by statute and must have a new trial. *See id.*; *see also State v. Hightower*, 331 N.C. 636, 641, 417 S.E.2d 237, 240 (1992) (defendant deprived of right to peremptory challenge and awarded new trial).

In that we have decided defendant was denied full use of his peremptory challenges, we need not address the propriety of the court's denial of his challenges for cause against jurors Slaughter and Britt.

[3] Defendant next assigns as error the trial court's denial of his motion to suppress evidence of the oral and written statements he gave to police shortly after Locklear's death. Because we have determined that defendant is entitled to a new trial, we believe it is in the

interest of conserving judicial resources not to address the trial court's pretrial ruling at this juncture. Rulings by a trial court on motions *in limine*[1] "are merely preliminary and subject to change during the course of trial, depending upon the actual evidence offered at trial." *State v. Hill,* 347 N.C. 275, 293, 493 S.E.2d 264, 274 (1997) (quoting *T&T Development Co. v. Southern Nat. Bank of S.C.,* 125 N.C. App. 600, 602, 481 S.E.2d 347, 348-49, *disc. review denied,* 346 N.C. 185, 486 S.E.2d 219 (1997)), *cert. denied,* 523 U.S. 1142, 140 L. Ed. 2d 1099 (1998); *see also State v. Lamb,* 321 N.C. 633, 649, 365 S.E.2d 600, 608 (1988) ("A ruling on a motion *in limine* is a preliminary or interlocutory decision which the trial court can change if circumstances develop which make it necessary.").

Furthermore, an objection to an order granting or denying a motion *in limine* "is insufficient to preserve for appeal the question of the admissibility of evidence." *State v. Conaway,* 339 N.C. 487, 521, 453 S.E.2d 824, 845, *cert. denied,* 516 U.S. 884, 133 L. Ed. 2d 153 (1995). In order to preserve the issue for appeal, "[a] party objecting to an order granting or denying a motion *in limine* . . . is required to object to the evidence at the time it is offered at the trial (where the motion was denied) or attempt to introduce the evidence at the trial (where the motion was granted)." *T&T Development Co.,* 125 N.C. App. at 602, 481 S.E.2d at 349. Thus, when a party purports to appeal the granting or denying of a motion *in limine* following the entry of a final judgment, the issue on appeal is not actually whether the granting or denying of the motion *in limine* was error, as that issue is not appealable, but instead "whether the evidentiary rulings of the trial court, made during the trial, are error." *Id.* at 602-03, 481 S.E.2d at 349.

Here, because we have vacated the judgment and have determined that defendant is entitled to a new trial, the trial court's ruling on defendant's pretrial motion to suppress has, once again, become "preliminary" in nature because (1) the ruling may change during the second trial depending on the evidence offered by the parties, and (2) the ruling may ultimately not be appealable at all if, at trial, the State does not seek to admit the evidence, or if, when the State seeks to admit the evidence, the defendant fails to object. Moreover, not only is it possible that the ruling may change during the second trial, but

---

1. Here, defendant's motion is both a motion to suppress and a motion *in limine*; the fact that it is a motion to suppress denotes the type of motion that has been made, while the fact that it is a motion *in limine* denotes the timing of the motion (prior to trial) regardless of its type. *See State v. Tate,* 300 N.C. 180, 182, 265 S.E.2d 223, 225 (1980).

the defendant (or the State) may request a rehearing on the motion to suppress prior to the second trial based on new evidence, at which time the trial court may modify the ruling made prior to the first trial. *See State v. Sanders*, 327 N.C. 319, 395 S.E.2d 412 (1990), *cert. denied*, 498 U.S. 1051, 112 L. Ed. 2d 782 (1991); *see also State v. Bates*, 343 N.C. 564, 473 S.E.2d 269 (1996) (implicitly approving the trial court's denial of the defendant's motion for a rehearing on his motion to suppress prior to the second trial because the defendant failed to show additional pertinent facts, discovered since the first hearing, which could not have been discovered with reasonable diligence prior to the first hearing), *cert. denied*, 519 U.S. 1131, 136 L. Ed. 2d 873 (1997).

Finally, we note that the trial court's ruling on defendant's motion to suppress prior to the first trial continues to stand following remand for a new trial by this Court, and, provided it is not modified prior to or during the second trial, and provided the issue is properly preserved during the second trial, defendant may appeal that ruling in the event he is convicted at the second trial. *See State v. Grogan*, 40 N.C. App. 371, 253 S.E.2d 20 (1979).

Defendant last argues the trial court erred by admitting into evidence as corroborative a statement Kona Scott gave police, in that it did not tend to corroborate the testimony Scott gave at trial. We decline to address this issue, as it will not likely recur on retrial.

New trial.

Judges MARTIN and HUNTER concur.