STATE OF NORTH CAROLINA v. RODNEY DALE BUCHANAN

No. 190A00-2

(Filed 7 March 2002)

**Confessions and Incriminating Statements— defendant in custody—ultimate inquiry test—suppression of statements before Miranda warnings**

> The trial court properly applied the "ultimate inquiry" test in determining that defendant was in custody when, after admitting to his station house interrogators that he had participated in a homicide, those same interrogators accompanied him to the bathroom, with an officer staying with defendant at all times; consequently, the trial court properly suppressed any statements defendant made between the time he returned from the bathroom until Miranda warnings were administered to him.

Appeal pursuant to N.C.G.S. § 15A-979(c) from a suppression of evidence order entered 6 July 2001 by Beal, J., in Superior Court, Gaston County. Heard in the Supreme Court 10 December 2001.

*Roy Cooper, Attorney General, by William P. Hart, Special Deputy Attorney General, for the State-appellant.*

*Richard B. Schultz and Edgar F. Bogle for defendant-appellee.*

**STATE v. BUCHANAN**

[355 N.C. 264 (2002)]

PER CURIAM.

Defendant, indicted on two counts of first-degree murder, initially filed a pretrial motion requesting that the trial court suppress statements he made during a station house interview with police. After conducting a hearing on the issue, the trial court ruled that during the interview, defendant was in custody for purposes of *Miranda* warnings. As a result, the trial court ordered all statements made by defendant prior to being given such warnings excluded from trial.

On appeal by the State, this Court held that the trial court used the wrong test in its attempt to determine whether defendant was in custody for purposes of *Miranda* warnings, and ordered the trial court to reconsider the issue under the proper test. *State v. Buchanan*, 353 N.C. 332, 543 S.E.2d 823 (2001) (holding that the "ultimate inquiry" test shall be used to determine whether an individual is in custody for purposes of *Miranda* warnings). On remand, the trial court, following our mandate, added two findings of fact to its previous findings and reassessed defendant's circumstances under the proper test. The trial court then concluded that a reasonable person in defendant's position would have believed he was in custody— "restrained in his movement to the degree associated with a formal arrest," *id.* at 340, 543 S.E.2d at 828—when, after admitting to his station house interrogators that he had participated in a homicide, those same interrogators accompanied him to the bathroom, with an officer staying with defendant at all times. As a consequence of so concluding, the trial court suppressed any statements defendant made between the time he returned from the bathroom until *Miranda* warnings were properly administered. We affirm.

A trial court's ruling on a motion to suppress is conclusive on appeal "if [it is] supported by competent evidence." *State v. Eason*, 336 N.C. 730, 745, 445 S.E.2d 917, 926 (1994), *cert. denied*, 513 U.S. 1096, 130 L. Ed. 2d 661 (1995). In the case *sub judice*, the trial court properly applied the "ultimate inquiry" test to the evidence as instructed by this Court. The new findings of fact were supported by competent evidence; therefore, the trial court's ruling is conclusive on appeal.

AFFIRMED.