STATE OF NORTH CAROLINA v. COREY McNEILL

No. COA04-281

(Filed 7 June 2005)

**Evidence— motion to suppress granted pretrial—evidence allowed at trial—motion in limine**

The trial court did not err in a drug case by granting defendant's motion to suppress evidence of marijuana, cocaine, and digital scales recovered in the leaves of the shrubbery defendant frequented outside of his house without a written order prior to trial, thereafter allowing the evidence subject to the motion to suppress to be introduced at trial, and after trial entering a written order with findings of fact and conclusions of law supporting admission of the evidence on the basis that it was seized beyond the curtilage of the home, because: (1) motions to suppress are classified as a type of motion in limine, and ruling on a motion in limine is a preliminary or interlocutory decision that the trial court can change if circumstances develop which make it neces-

**STATE v. McNEILL**

[170 N.C. App. 574 (2005)]

sary; (2) any ruling on a motion to suppress prior to trial is not final and the trial court may reverse its decision; (3) although defendant assigned error to the trial court's findings of fact that the evidence was located beyond the curtilage of the home, he did not brief these assignments of error on appeal and this issue is thus deemed abandoned; (4) N.C.G.S. § 15A-977(f) does not require findings to be made concurrent with the decision on the motion, and there was no prejudice to defendant by the court's delayed entry of findings of fact supporting its conclusion to admit the evidence at trial based on a different theory; and (5) the fact that the trial court's ruling in limine is inconsistent with the written order is not legally significant since a decision on a motion in limine is not final, and during trial neither party can rest on an earlier ruling in their favor.

Judge WYNN concurring.

Appeal by defendant from judgment entered 20 May 2003 by Judge Wiley F. Bowen in Harnett County Superior Court. Heard in the Court of Appeals 16 November 2004.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Martin T. McCracken, for the State.*

*Robert W. Ewing for defendant-appellant.*

ELMORE, Judge.

Defendant was convicted of several drug related offenses. He appeals to this Court on the basis that his suppression motion was first granted, then denied, and that his habitual felon indictment was supported by two misdemeanors instead of three felonies. We hold that defendant's trial was free of error.

Defendant resides in a mobile home in Harnett County situated back off of a road, near another mobile home and a beauty parlor. After a confidential informant told the Harnett County Sheriff's Department that defendant had drugs within the last 48 hours, the sheriff's department acquired a search warrant for the property. Before executing the warrant, deputies and other officers conducted surveillance of the home via a car on the road and an open field in the back of the home. During the short interval of surveillance officers observed two cars come to the house and leave. When each car arrived, defendant would come out of the house, go to some shrub-

bery in the back, pick something up, and then give it to each driver. Each incident was videotaped by an officer in the field.

Upon executing the search warrant the sheriff's department discovered marijuana, cocaine, and digital scales covered in the leaves near the shrubbery defendant had frequented. Defendant was arrested and indicted for possession of more than one and one-half ounces of marijuana, possession with intent to sell or deliver marijuana, and being an habitual felon. Defendant was also indicted for possession with intent to sell and distribute cocaine; however, the jury found him not guilty of the charge.

Defense counsel made a motion to suppress the drugs and scales found outside near the shrubbery due to a defective warrant. After a hearing on the matter, the trial court agreed and granted defendant's motion to suppress. Defendant did not make a motion to dismiss. However, after the court granted defendant's motion to suppress, the State then continued to argue the admissibility of the evidence under the Fourth Amendment.

THE COURT: So then there's still pending a motion to suppress? Motion to suppress is allowed.

DEFENSE: Thank you, Your Honor.

STATE: We ask Your Honor to rule on the admissibility of the evidence in that case prior to trial.

THE COURT: What do you mean?

. . .

STATE: The admissibility of the evidence, Your Honor. Despite the search warrant being suppressed, I believe that the evidence is otherwise admissible.

. . . [The court then questioned the State on whether it was arguing constructive possession, an issue which would be for the jury to decide.]

STATE: I don't have any problems showing possession, Your Honor. It's the location of the cocaine and the marijuana some 25 yards from the house, next to a field and whether—

THE COURT: Was it in the curtilage?

STATE: That's going to be the question, Your Honor.

THE COURT: Okay. You may proceed.

The State's position was that since the drugs were found beyond the curtilage of the home, where no privacy rights exist, the evidence should be admissible despite its suppression on the basis of the warrant. However, following its presentation of evidence on the location of the drugs, the court orally denied the State's motion to admit the drugs on the basis that they were not seized in violation of the Fourth Amendment.

THE COURT: I'm not going to rule on the admissibility of the evidence because I don't know—nobody's connected this man based on the hearing that I've heard.

STATE: Well, I would ask Your Honor to find that the evidence seized was not seized in violation of the Fourth Amendment.

THE COURT: Motion is denied.

Immediately after the denial, the case was called and a jury was impaneled.

As part of its case in chief, the State called several of the officers who had conducted the surveillance, executed the warrant, and subsequently arrested defendant. The officers testified as to what they saw, and a portion of the videotape was entered into evidence. One of the more veteran officers testified that upon seizing the bags in the leaves, he knew it was marijuana. The trial court allowed this testimony over defendant's objection. However, when that officer testified that the other recovered substance was cocaine, the trial court sustained defendant's objections. Still, the State elicited testimony as to where the drugs were located, that an officer thought it was marijuana, and the State also showed the bags and containers the drugs were found in. Although allowing the witnesses to testify as to the apparently suppressed evidence, the trial court sustained defendant's objection to having the drugs admitted into evidence.

Next, the State sought to introduce a lab report containing an analysis and weight of the substances recovered. Defendant objected. The court dismissed the jury, and for the first time, defense counsel reminded the court of its earlier ruling to suppress all the evidence seized at the home. The State, again, briefly argued that the drugs were admissible because they were seized beyond the curtilage of the home. The trial court then questioned defendant as to whether he had an objection to the lab report being introduced. Defendant responded that he did not, but that his objection was to the fact that already sup-

STATE v. McNEILL

[170 N.C. App. 574 (2005)]

pressed evidence was being introduced to the jury. Defendant did not ask for a mistrial.

The trial court did not make any explicit reference to the fact that it had reconsidered its earlier suppression and was now, based on the evidence presented at trial, going to reverse that preliminary decision and allow the evidence to be submitted. The trial court then called the jury back in and defendant presented a continual objection to the identification of what was seized from the house.

Following the introduction of the lab report, the officer connected the results of the tests, that the recovered substances were actually marijuana and cocaine, to the State's exhibits. The State then moved that the drugs, containers, and report be admitted and, over defendant's objection, they were. Eighteen days after the trial concluded, the trial court entered a written order determining that: 1) the affidavit supporting the warrant was insufficient to establish probable cause, but 2) the drugs and scales were recovered from shrubbery that was beyond the curtilage of defendant's home. The trial court concluded that defendant had no right to privacy in the shrubbery where the evidence was recovered, and thus the evidence was admissible.

Defendant contends that it was prejudicial error for the court to grant his suppression motion without written order; allow the evidence subject to the motion to suppress to be introduced at trial; then following the trial enter a written order with findings of fact and conclusions of law supporting admission of the evidence on the basis that it was seized beyond the curtilage of the home. We disagree.

Defendant argues that under the plain language of section 15A-979(a), the trial court erred in allowing evidence into trial that was subject to a ruling granting suppression. N.C. Gen. Stat. § 15A-971 *et seq.* governs motions to suppress evidence and notes that these statutes are the "exclusive method" of challenging evidence seized in violation of either the United States Constitution or the North Carolina Constitution, or also evidence seized in a substantial violation of the Criminal Procedure Act. N.C. Gen. Stat. §§ 15A-979(d) and 15A-974 (2003); *c.f. State v. Tate*, 300 N.C. 180, 182-83, 265 S.E.2d 223, 225 (1980) (noting that motions to suppress based on grounds other than violations of the Criminal Procedure Act or the Constitution may not be governed exclusively by Article 53). Section 15A-979(a) states that, "[u]pon *granting* a motion to suppress evidence the judge must order that the evidence in question be excluded in the criminal action

STATE v. McNEILL

[170 N.C. App. 574 (2005)]

pending against the defendant." N.C. Gen. Stat. § 15A-979(a) (2003) (emphasis added).

The State suggests that the pre-trial oral ruling suppressing the evidence was not "granting" the motion, such that section 15A-979(a) is triggered, but instead foreshadowing the court's inclination. The State's argument rests on the fact that a motion to suppress is a motion *in limine*, and any ruling on a motion *in limine* is not final, but instead may be revisited during trial. The State contends that the trial court changed its earlier ruling based on the testimony and other evidence presented at trial and properly admitted the drugs.

Even though the State's heavy reliance on *State v. Locklear*, 145 N.C. App. 447, 551 S.E.2d 196 (2001), may not control our decision here,[1] we conclude that our case law supporting the State's argument is well established. Our Supreme Court's opinion in *Tate*, 300 N.C. at 182, 265 S.E.2d at 225, classified motions to suppress as a type of motion *in limine*. "Article 53 of Chapter 15A deals with a specific type of a motion *in limine* and that is the motion *in limine* to suppress evidence. . . . The fact that it is a motion to suppress denotes the *type* of motion that has been made. The fact that it is also a motion *in limine* denotes the timing of the motion regardless of its type." *Id.* And, "[a] ruling on a motion *in limine* is a preliminary or interlocutory decision which the trial court can change if circumstances develop which make it necessary." *State v. Lamb*, 321 N.C. 633, 649, 365 S.E.2d 600, 608 (1988) (quoted with approval in *State v. Smith*, 352 N.C. 531, 553, 532 S.E.2d 773, 787 (2000), *cert. denied*, 532 U.S. 949, 149 L. Ed. 2d 360 (2001)); *see also State v. Hayes*, 350 N.C. 79, 80, 511 S.E.2d 302, 303 (1999) (per curiam) (reversing this Court's opinion to the contrary: "Rulings on motions *in limine* are preliminary in nature and subject to change at trial, depending on the evidence offered, and thus an objection to an order granting or denying the motion is insufficient to preserve for appeal the question of the admissibility of the evidence.") (internal quotations omitted). Thus, any ruling on a motion to suppress prior to trial is not final and the trial court may reverse its decision.

Despite defendant's reliance on section 15A-971 *et seq.*, our case law suggests that the State may have *two* options when a trial court

---

1. In *Locklear*, the Court rendered an opinion on a peremptory challenge issue; the Court's discussion of the suppression motion in that case was dicta. *Id.* at 451-52, 551 S.E.2d at 198 ("Because we have determined that defendant is entitled to a new trial, we believe it is in the interest of conserving judicial resources not to address the trial court's pretrial ruling at this juncture."). Accordingly, that panel's discussion of a motion to suppress is not binding on us.

grants a pre-trial motion to suppress on the basis of a procedural or constitutional issue. One, pursuant to N.C. Gen. Stat. §§ 15A-1445(b) and 15A-979(c) (2003), the State may immediately appeal if the evidence is "essential," *see, e.g., State v. Buchanan*, 355 N.C. 264, 559 S.E.2d 785 (2002); *State v. Barnhill*, 166 N.C. App. 228, 601 S.E.2d 215 (2004); *State v. Fisher*, 141 N.C. App. 448, 539 S.E.2d 677 (2000); *State v. Judd*, 128 N.C. App. 328, 494 S.E.2d 605 (1998) (discussing procedure); or, two, the State may proceed to trial, attempt to introduce the evidence subject to suppression, and allow the trial court to either change its initial ruling at trial or make the defendant object to the admission of the evidence. *See State v. McCall*, 162 N.C. App. 64, 68-69, 589 S.E.2d 896, 899 (2004); *State v. Gaither*, 148 N.C. App. 534, 539, 559 S.E.2d 212, 215-16 (2002); *see also Hayes*, 350 N.C. at 80, 511 S.E.2d at 303.

Judging by the record in the case *sub judice*, the State chose the latter of its two options: proceed to trial and await a ruling on the admissibility of the evidence at that point. And the State did receive a favorable ruling at trial on the admissibility of the drugs and scale seized from the shrubbery. According to the trial court's order denying defendant's motion to suppress and admitting the evidence, it concluded that the evidence was located beyond the curtilage of the home, where defendant was not entitled to Fourth Amendment protection. This ruling was contrary to the trial court's pre-trial ruling, but as previously noted, this subsequent reversal is well within the court's authority.

In accordance with the State pursuing its second option, defendant did properly object at trial to the admissibility of the evidence, thus preserving his right to appeal the trial court's decision. *See T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 602-03, 481 S.E.2d 347, 348-49, *disc. rev. denied*, 346 N.C. 185, 486 S.E.2d 219 (1997). Yet, while defendant did assign error to the trial court's findings of fact that the evidence was located beyond the curtilage of the home, he did not brief these assignments of error on appeal. Accordingly, they are deemed abandoned. N.C.R. App. P. 28(b)(6) (2004) ("Assignments of error not set out in the appellant's brief, . . . will be taken as abandoned.").

Related to his earlier argument on the suppression motion, defendant contends that the trial court erred by delaying the entry of a written order with findings of fact and conclusions of law until after the trial. We do not agree. Our Supreme Court has determined that N.C. Gen. Stat. § 15A-977(f), which requires these findings, does not

require them to be made concurrent with the decision on the motion. *See State v. Horner*, 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984) ("The statute does not require that the findings be made in writing at the time of the ruling. Effective appellate review is not thwarted by the subsequent order."); *State v. Fisher*, 158 N.C. App. 133, 141, 580 S.E.2d 405, 412 (2003) (quoting with approval from *Horner*), *aff'd per curiam*, 358 N.C. 215, 593 S.E.2d 583 (2004).

Defendant argues that *Horner* and *Fisher* are inapplicable to these facts because in those cases the delayed written order was consistent with the trial court's oral ruling at trial. Notably though, we see no inconsistency between the trial court's decision *at trial* and his written order entered later. The fact that the Court's ruling *in limine* is inconsistent with the written order is not legally significant, because a decision on a motion *in limine* is not final, and during trial neither party can rest on an earlier ruling in their favor. *See Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 619, 504 S.E.2d 102, 105 (1998) ("[T]he court's ruling is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature. Therefore, the court's ruling on a motion *in limine* is subject to modification during the course of the trial.") (citing *State v. Swann*, 322 N.C. 666, 686, 370 S.E.2d 533, 545 (1988)).

While entering findings of fact and drawing conclusions of law at the time evidence is admitted or suppressed may facilitate better understanding between the court and litigants during trial, this practice is not required.

> In *State v. Doss*, 279 N.C. 413 at 424, 183 S.E.2d 671 at 678, *death sentence vacated* 408 U.S. 939, 92 S.Ct. 2875, 33 L.Ed.2d 762 (1972), this Court noted that "it is better practice for the court to make [findings of fact] at some stage during the trial, preferably at the time the [defendant's inculpatory] statement is tendered and before it is admitted.' This admonition is equally applicable to findings of fact and conclusions of law respecting the admissibility of evidence which defendant contends has been illegally obtained.

*State v. Richardson*, 295 N.C. 309, 320, 245 S.E.2d 754, 761 (1978). Additionally, we can discern no prejudice to defendant by the court's delayed entry of findings of fact supporting its conclusion to admit the evidence at trial. *See Horner*, 310 N.C. at 279 311 S.E.2d at 285 (discussing the need for prejudice); *Richardson*, 295 N.C. at 319-20, 245 S.E.2d 754 at 761-62 (must show prejudice from after-the-fact

entry of findings). No prejudice arose here, contrary to defendant's suggestion, from the trial court ruling *in limine* to suppress the drugs but then at trial determining the evidence was admissible based on a different theory, because as we have stated, this was not error.

We have reviewed defendant's remaining assignments of error and have determined that they are without merit. Accordingly we find that defendant received a fair trial free from any prejudicial error.

No error.

Judge HUDSON concurs.

Judge WYNN concurs by separate opinion.

WYNN, Judge, concurring.

Although I agree with the majority's resolution of this matter, I write separately to elaborate on Defendant's argument that he was prejudiced by the delay in the court's written order, which was inconsistent with its in-court ruling granting Defendant's motion to suppress.

Before trial, Defendant made a motion to suppress the cocaine, marijuana, and scales found by shrubbery near his home. After the trial court heard defense counsel's and the State's arguments, it granted the motion, though without making any findings or conclusions. Initially, in accordance with this ruling, the trial court refused to allow the State to enter the suppressed material into evidence. However, without making any ruling reversing its prior decision to suppress the evidence, the trial court, over defense counsel's objection, allowed into evidence the previously suppressed material. Then, eighteen days after the conclusion of Defendant's trial, the trial court entered an order effectively reversing its earlier ruling and denying Defendant's motion to suppress.

North Carolina General Statute section 15A-977 regarding procedures for motions to suppress in superior court states that "[t]he judge must set forth in the record his findings of facts and conclusions of law." N.C. Gen. Stat. § 15A-977(f) (2003). Our Supreme Court has determined, however, that these findings and conclusions need not be made concurrent with the ruling on the motion to suppress. *State v. Horner*, 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984) ("The statute does not require that the findings be made in writing at the

time of the ruling. Effective appellate review is not thwarted by [a] subsequent order."); *State v. Fisher*, 158 N.C. App. 133, 141, 580 S.E.2d 405, 412 (2003) (quoting with approval from *Horner*), *aff'd per curiam*, 358 N.C. 215, 593 S.E.2d 583-84 (2004). While entering findings of fact and conclusions of law at the time evidence is suppressed or admitted might facilitate better understanding between the court and litigants during trial, it is not required.

> In *State v. Doss*, 279 N.C. 413 at 424, 183 S.E.2d 671 at 678, *death sentence vacated* 408 U.S. 939 (1972), this Court noted that "it is better practice for the court to make (findings of fact) at some stage during the trial, preferably at the time the (defendant's inculpatory) statement is tendered and before it is admitted." This admonition is equally applicable to findings of fact and conclusions of law respecting the admissibility of evidence which defendant contends has been illegally obtained.

*State v. Richardson*, 295 N.C. 309, 320, 245 S.E.2d 754, 761 (1978).

Where a written order setting forth findings of fact and conclusions of law on a motion to suppress is entered subsequent to the ruling, the defendant must have been prejudiced by the delay for error to exist. *Horner*, 310 N.C. at 279, 311 S.E.2d at 285 (to show error, defendant must have been prejudiced by later written order elaborating on in-court ruling on motion to suppress); *Richardson*, 295 N.C. at 319-20, 245 S.E.2d at 761-62 (must show prejudice from subsequent entry of findings); *cf. State v. Williams*, 34 N.C. App. 386, 388, 238 S.E.2d 195, 196 (1977) (where a trial court admitted testimony into evidence, defendant must show "prejudice which resulted from the trial court's delay" in dictating its findings).

Our Supreme Court and this Court have found no error where a trial court entered its ruling on a suppression motion in open court and later entered a written order memorializing and elaborating on the earlier ruling. *See, e.g., State v. Smith*, 320 N.C. 404, 415, 358 S.E.2d 329, 335 (1987) (no error where a written order entered over six months after trial "is simply a revised written version of the verbal order entered in open court which denied defendant's motion to suppress"); *Horner*, 310 N.C. at 279, 311 S.E.2d at 285 (no error where "the trial judge passed on each part of the motion to suppress in open court as it was argued" and "later reduced his ruling to writing[]"); *Fisher*, 158 N.C. App. at 141, 580 S.E.2d at 412-13 (no error where the trial court ruled on the motion to suppress in open court and later filed a written order setting forth findings and conclusions on the rul-

ing). I have not found in North Carolina an instance, such as the one before us, where the trial court's subsequent written order on a motion to suppress is inconsistent with its in-court ruling on the motion. Nevertheless, there is no prejudicial error.

Defendant contends that he was prejudiced because he relied on the pre-trial ruling suppressing evidence in making substantive decisions about his case, including the contents of defense counsel's opening statement and whether to accept a plea agreement. However a decision on a motion to suppress is a motion *in limine* (*State v. Tate*, 300 N.C. 180, 182, 265 S.E.2d 223, 225 (1980) (classifying motions to suppress as a type of motion *in limine*), and rulings on motions *in limine* are not final. *See Heatherly v. Indus. Health Council*, 130 N.C. App. 616, 619, 504 S.E.2d 102, 105 (1998) ("[T]he court's ruling is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature. Therefore, the court's ruling on a motion *in limine* is subject to modification during the course of the trial.") (citing *State v. Swann III*, 322 N.C. 666, 686, 370 S.E.2d 533, 545 (1988)). Because of the interlocutory or preliminary nature of the trial court's ruling on Defendant's motion *in limine*, Defendant cannot show prejudice by claiming that he changed his trial strategy based on that ruling.