McCULLOUGH, Judge.
Vinni Vaugier Valentine ("defendant") appeals the denial of his motion to suppress following entry of judgments upon his convictions for various sex offenses with a minor child. For the following reasons, we find no error.
Defendant also requests that this Court conduct an in camera inspection of sealed records to determine the existence of information that is favorable and material to defendant's guilt or punishment. We find no such information in the sealed records.
I. Background
On 28 October 2013, defendant was indicted by a New Hanover County Grand Jury on twenty-two counts of first degree sexual exploitation of a minor, thirteen counts of indecent liberties with a child, seven counts of statutory sex offense, five counts of statutory rape, and four counts of sex offense in a parental role. Defendant entered pleas of not guilty.
Defendant then filed a number of pretrial motions that are relevant to this review. Primarily, defendant challenged the introduction of certain evidence on the basis of an alleged violation of his rights against unlawful search and seizure. Defendant also sought the disclosure of certain medical and other records.
Defendant first filed a Motion to Suppress evidence from an alleged illegal search of his cellphone on 4 November 2013. Defendant argued that certain evidence was the "fruit of the poisonous tree" and should be suppressed because officers responding to a 911 call viewed pictures on defendant's cell phone without his consent or a warrant. The matter came on for hearing on 16 April 2014 before the Honorable Judge Phyllis M. Gorham of New Hanover County Superior Court. The judge orally denied defendant's motion at the conclusion of the hearing. The court filed a written Order Denying Defendant's Motion to Suppress on 30 May 2014, which listed findings of facts and conclusions of law supporting the determination. Specifically, the judge concluded that exigent circumstances existed for the officers to perform a cursory search of defendant's cell phone in an attempt to prevent the destruction of material and relevant evidence.
Subsequently, the United States Supreme Court decided Riley v. California , --- U.S. ----, 134 S. Ct. 2473, 189 L.Ed. 2d 430 (2014), concerning warrantless searches of a cell phone incident to arrest. Soon thereafter, defendant filed a "Motion to Reconsider Court's Prior Ruling," dated 3 July 2014. The matter came on for hearing on 18 July 2014. On 15 September 2014, the trial court filed an Order Denying Defendant's Motion to Suppress, which again included findings of facts and conclusions of law. In its conclusions of law, the court determined that Riley did not alter the existing exceptions to the exclusionary rule, that the evidence discovered on defendant's cell phone would have been inevitably discovered by lawful means, and that the officers' search of defendant's phone was conducted in good-faith reliance on existing precedent.
On 10 March 2014, prior to the first hearing on defendant's Motion to Suppress, defendant filed a Motion for Disclosure of Medical, Psychiatric, D.S.S., and Law Enforcement Records regarding the alleged victim. After the suppression matters were addressed, counsel for defendant issued four subpoenas for the production of records held by Coastal Horizons Open House Youth Shelter, New Hanover County School Board, Wilmington Health Access for Teens, Inc., and Holly Hills Hospital on 23 September 2014. The State filed a motion for a protective order regarding three of those subpoenas on 8 December 2014. Defendant filed a Motion to Compel on 9 December 2014. After a hearing before the Honorable Judge W. Allen Cobb, Jr. ("Judge Cobb"), of New Hanover County Superior Court, the court filed an Order for In Camera Review of Records on 9 December 2014. The court announced on 19 February 2015 that certain portions of the reviewed records were to be made available to the parties.
The matter came on for trial in New Hanover County Superior Court before Judge Cobb on 31 August 2015. The evidence presented at trial tended to show as follows: Defendant met "Lori"[1] in the spring of 2013 on the social networking website MeetMe. Defendant was twenty-three years old. Lori informed defendant that she was fifteen years old.
After communicating online with Lori for about a month, defendant traveled to Wilmington to meet Lori on 23 March 2013. At the time, Lori lived with her parents in a two-bedroom trailer home. Defendant stayed in Lori's bedroom and they engaged in vaginal and oral sex. Defendant thereafter continued to stay with Lori in her bedroom, with her parents' knowledge and permission.
One day, the electricity and water went out at the home and Lori's parents moved out. Lori's parents did not have room for her to stay with them. Lori stayed at the trailer with defendant and engaged in sexual activity every day. Defendant took pictures of himself and Lori engaging in vaginal and oral sex.
After about a week, Lori's parents executed a temporary guardianship agreement granting custody of Lori to defendant. Defendant's mother transported defendant and Lori to an apartment in Greenville, where defendant and Lori stayed with two of defendant's friends, a married couple. In Greenville, defendant again photographed himself and Lori engaging in oral and vaginal sex and other sexual activities.
Defendant told Lori that if she did not do as he wanted, he would post the pictures on the internet. Defendant acted violently towards Lori and Lori became uncomfortable living with defendant. Lori attempted to call police on 8 April 2013. When defendant noticed, he grabbed her hair and threw her on the ground; she then had to fight her way out of the apartment. Lori ran downstairs, banged on the door of the downstairs neighbors, and asked them to call police.
Officers Pipkin and Harris of the Greenville Police Department responded to the call. Officer Pipkin met Lori at the bottom of an external staircase, and then proceeded upstairs towards the apartment to speak with defendant. Lori told Officer Harris that she was fifteen, defendant was twenty-three, and they had been having sex.
After Officer Pipkin talked with defendant, defendant pulled out a mobile phone, turned his back to the officer, and started walking down the stairs. It appeared to Officer Pipkin that defendant was scrolling through his phone. At that time, Lori stated that defendant had pictures on the phone of the two of them engaging in sexual activity and that she thought he was deleting the pictures. In the reaction to Lori's alarm, Officer Pipkin ended up with defendant's phone in his hand. Officer Pipkin looked at the pictures and handed the phone to Officer Harris. Officer Pipkin then arrested defendant.
A search warrant was issued on 18 April 2013 for the contents of the cell phone, and on 16 April 2013 for defendant's digital camera. Photographs of Lori and defendant engaging in sexual activity were found on those devices and introduced at trial.
At the close of the State's evidence, the trial court dismissed the four counts of sex offense in a parental role. At the close of trial, the jury found defendant guilty of seven counts of sexual exploitation of a minor, thirteen counts of indecent liberties with a child, five counts of statutory sex offense, and three counts of statutory rape. The jury found defendant not guilty of nineteen of the charged offenses.
The trial court entered judgments on 3 September 2015 sentencing defendant to 264 to 401 months imprisonment. Defendant filed notice of appeal in open court.
II. Discussion
Defendant now appeals the trial court's denial of his motion to suppress evidence on his cell phone. Defendant also requests that this Court conduct an in camera inspection of sealed records to determine the existence of favorable evidence that should be disclosed to him.
A. Motion to Suppress
Standard of Review
Our review of a trial court's denial of a motion to suppress is "strictly limited to determining whether the trial judge's underlying findings of fact are supported by competent evidence, in which event they are conclusively binding on appeal, and whether those factual findings in turn support the judge's ultimate conclusions of law." State v. Cooke , 306 N.C. 132, 134, 291 S.E.2d 618, 619 (1982). "Where no exception is taken to a finding of fact by the trial court, the finding is presumed to be supported by competent evidence and is binding on appeal." State v. White , 232 N.C. App. 296, 301, 753 S.E.2d 698, 701 (2014) (citation omitted). "If supported by competent evidence, the trial court's findings of fact are conclusive on appeal, even if conflicting evidence was also introduced. However, conclusions of law regarding admissibility are reviewed de novo." State v. Wilkerson , 363 N.C. 382, 434, 683 S.E.2d 174, 205 (2009) (internal citation omitted).
Multiple Orders
As noted above, the trial court issued an order denying defendant's Motion to Suppress. Subsequently, the court issued a second order in response to defendant's "Motion to Reconsider," after the Supreme Court decided Riley v. California. The parties disagree as to the effect of these multiple orders.
In the judge's initial order of 30 May 2014 denying defendant's Motion to Suppress, she issued findings of fact and conclusions of law denying defendant's motion on the basis that a cursory search of defendant's cell phone was justified under the exigent circumstances exception to the warrant requirement, as there was a threat of imminent destruction of the evidence. Subsequently, in the order filed 15 September 2014, the judge again issued findings of fact and conclusions of law, in which she expressly incorporated by reference the findings of facts from the previous order denying defendant's Motion to Suppress. In the second order, the judge issued conclusions of law that the "images contained on the defendant's cell phone would have inevitably been discovered by lawful means" and that the search of defendant's cell phone was conducted in good faith reliance on existing precedent. The judge issued no conclusions of law applying the Riley decision to the facts of the present case other than to state: "Although The [sic] Supreme Court's decision in Riley holds that the search of a cell phone incident to arrest is not a lawful exception to the warrant requirement, the Riley decision neither alters nor narrows the recognized exceptions to the exclusionary rule."
Defendant contends on appeal that by expressly incorporating the findings of fact from the first order, and not similarly incorporating the conclusions of law from the first order, the trial court indicated that it did not continue to endorse the conclusions found in the first order regarding the imminent destruction of evidence exception to the warrant requirement. Defendant extrapolates this reasoning further, arguing that "the trial court's final ruling in this case established that the cell phone search was not proper on the grounds of imminent destruction of evidence." Defendant thus encourages this Court to view the two orders as separate determinations of his motion to suppress, and to only address the conclusions of law found in the second order. We disagree with this analysis.
A motion to suppress evidence is considered a motion in limine. State v. McNeill , 170 N.C. App. 574, 579, 613 S.E.2d 43, 46, disc. rev. denied , 360 N.C. 73, 622 S.E.2d 626 (2005). " '[A] ruling on a motion in limine is a preliminary or interlocutory decision which the trial court can change if circumstances develop which make it necessary.' " Id. (quoting State v. Lamb , 321 N.C. 633, 649, 365 S.E.2d 600, 608 (1988) ).
When a trial judge makes a determination on a motion to suppress after a hearing, she must record findings of fact and conclusions of law. State v. Horner , 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984). This is required so that "there may be a meaningful appellate review of the decision." Id. It is not required that the findings be made in writing at the time of the ruling, as "[e]ffective appellate review is not thwarted by the subsequent order." Id.
Rulings on a motion to suppress are a work in progress that may evolve over the course of a trial. For example, a trial court may orally decide on a motion and then later enter a written decision to the contrary. See McNeil , 170 N.C. App. at 582, 613 S.E.2d at 47 (no error when the trial court initially issued a ruling to suppress the evidence and then entered subsequent written findings allowing the challenged evidence); see also Cogen v. U.S. , 278 U.S. 221, 224, 73 L.Ed. 275, 281 (1929) (a preliminary motion may be denied and then the objection to the evidence sustained at trial). The progression of rulings in the present case is not nearly so dramatic.
Here, there is no indicium of any trial court intent or decision to withdraw the legal conclusions found in the first order. Rather, the trial court denied defendant's "Motion to Reconsider" its prior decision.[2] In doing so, it expressly did not revisit its prior order. Rather, the trial court supplemented its prior decision with additional rationales for denying the original motion to suppress. It was unnecessary for the court to adopt the legal conclusions in the first order by reference because it rejected defendant's proposal to reconsider those conclusions. It merely adopted the factual findings from the first order in order to support additional legal conclusions in the second. As a motion to suppress is a motion in limine , the trial court may augment its previous determination on the matter; it is not necessary for the court to expressly reaffirm the initial ruling.
Thus, there is no substance to defendant's contention that the second order had the effect of abandoning the legal conclusions found in the first order. Moreover, we are compelled to clarify that the Riley decision is of little significance in the present case.
In Riley , the Court clarified that a warrantless search of the digital contents of a cell phone was not permissible under the longstanding exemption from the warrant requirement for searches incident to arrest. --- U.S. at ----, 134 S. Ct. at 2493, 189 L.Ed. 2d at 442. In doing so, the Court explained that the extensive amount of personal information now carried on cell phones sets the stage for invasions of privacy not justified by the usual theories supporting the exemption for searches incident to arrest, such as officer safety and concealment of evidence. Id. at ----, ----, 134 S. Ct. at 2484, 2490, 189 L.Ed. 2d at 442, 447.
However, the Riley Court expressly carved out the possibility for law enforcement to initiate a warrantless phone search when exigent circumstances so demand. Id. at ----, 134 S. Ct. at 2494, 189 L.Ed. 2d at 451. "[C]ase-specific exceptions may still justify a warrantless search of a particular phone." Id. "Such exigencies could include the need to prevent the imminent destruction of evidence in individual cases[.]" Id. "[U]nlike the search incident to arrest exception, the exigent circumstances exception requires a court to examine whether an emergency justified a warrantless search in each particular case." Id. at ----, 134 S. Ct. at 2494, 189 L.Ed. 2d at 452.
Riley reaffirmed the existence of an exigent circumstances exception that is separate from the search incident to arrest exception. Furthermore, Riley declared the exigent circumstances exception is still available for searches of cell phones when the circumstances so require.
In the present case, the trial court relied on the exigent circumstances exception in its first order denying defendant's Motion to Suppress. Riley did not impact the availability or applicability of the exigent circumstances exception to searches of cell phones. Therefore, Riley did not disturb the conclusions of law in the trial court's first order. The trial court stated as much in its first conclusion of law in the second order: "the Riley decision neither alters nor narrows the recognized exceptions to the exclusionary rule." As shown, a clear understanding of Riley further underscores that the trial court did not intend to discard the legal conclusions of its first order when issuing its second. As stated above, defendant's contention to the contrary is without merit. Riley did not upset the order denying defendant's Motion to Suppress and the trial court was correct to deny defendant's "Motion to Reconsider."
Thus, we include the legal conclusions found in the first order as part of our de novo review.
Exigent Circumstances
Indeed, in reviewing defendant's arguments that the trial court erred in denying his motion to suppress, we need only reach the exigent circumstances portion of the court's first order to uphold the denial.
"It is axiomatic that unreasonable searches and seizures are prohibited by both our federal and state constitutions." State v. Harper , 158 N.C. App. 595, 602, 582 S.E.2d 62, 67 (2003) (citing U.S. Const. amend. IV ; N.C. Const. art. I, § 20 ). "Searches conducted without a warrant are per se unreasonable ... subject only to a few specifically established and well-delineated exceptions." State v. Malunda , 230 N.C. App. 355, 358-59, 749 S.E.2d 280, 283 (2013) (internal quotation marks omitted).
"[A] warrantless search is lawful if probable cause exists to search and the exigencies of the situation make search without a warrant necessary." Id. at 359, 749 S.E.2d at 283 (internal quotation marks omitted). Probable cause has been defined as "a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in believing the accused to be guilty." State v. Yates , 162 N.C. App. 118, 122, 589 S.E.2d 902, 904 (2004) (internal quotation marks omitted). "Exigent circumstances exist when there is a situation that demands unusual or immediate action and that may allow people to circumvent usual procedures." State v. Jordan , ---N.C. App. ----, ----, 776 S.E.2d 515, 519, (internal quotation marks omitted), disc. rev. denied , 368 N.C. 358, 778 S.E.2d 85 (2015). The determination of whether exigent circumstances exist is based on the totality of the circumstances. State v. Adams , --- N.C. App. ----, ----, 794 S.E.2d 357, 362 (2016). The United States Supreme Court has approved the following exigent circumstances justifying warrantless searches and seizures: (1) where law enforcement officers are in "hot pursuit" of a suspect; (2) where there is immediate and present danger to the public or to law enforcement officers; (3) where destruction of evidence is imminent; and (4) where the gravity of the offense for which the suspect is arrested is high. Jordan , --- N.C. App. at ----, 776 S.E.2d at 519.
In the present matter, defendant notes that the trial court failed to resolve certain inconsistencies in the hearing testimony regarding who, exactly, first took the phone from defendant. The trial court acknowledged this commotion in its conclusions of law: "Despite the inconsistencies among the testimony of the witnesses, exigent circumstances existed at the time of seizure and the search of the defendant's phone to allow the officer to attempt to prevent the destruction of evidence that was material, relevant, and contraband." We agree with the trial court that, at the time some uncertain individual seized the phone, exigent circumstances existed to justify a cursory search of the phone. The exigency existed regardless of the identity of the individual who took the phone from defendant and therefore the failure to ascertain him or her is immaterial. There are no material contested findings of fact and the trial court's factual findings are binding on appeal.
The trial court made the following factual findings: Officer Pipkin testified that Lori stated that she was fifteen; that Lori told Officer Pipkin that defendant had repeatedly raped her over a two-week period; and that Lori told him that defendant had photographs of that sexual activity on his cell phone. Officer Pipkin also testified that defendant pulled out a smartphone from his pocket, turned his back, and started to walk away from Officer Pipkin, and that he was familiar with smartphones. He further stated that
although a single image could be deleted or transferred instantly from a smartphone with the touch of a button, in his experience if someone was trying to delete or transfer an entire folder of images, depending on the number and size of the images, such process could take a couple of minutes; and that if an entire folder of images was in the process of being deleted or transferred, it was possible to cancel the deletion or transfer before the action was completed.
Officer Pipkin testified that he, Officer Harris, and defendant walked downstairs towards the victim. Pipkin said that defendant "appeared to be scrolling through his phone." Officers Pipkin and Harris both testified that Lori stated that defendant was deleting photographs of the alleged sexual abuse "right now." Officer Pipkin then conducted a cursory search of defendant's phone to attempt to stop the cancellation or transfer of the contraband images. He also testified that he wanted to search defendant's phone so that even if the images were in the process of being deleted and he could not stop the process, he or Officer Harris would be able to view the images before they were destroyed. Officers Pipkin and Harris and Lori all testified that Lori assisted Officer Pipkin in finding some pictures on the phone to ensure they were not deleted. Officer Pipkin then stopped the search. The entire search took just a few minutes.
Based on defendant's movements and manipulation of the phone, Lori's allegations that he was deleting pictures, and Officer Pipkin's understanding of deleting large amounts of data on smartphones, the officer was objectively reasonable in his belief that defendant was destroying evidence of a crime. Furthermore, he was objectively reasonable in his belief that his intervention could stop the imminent destruction of the evidence or preserve his ability to testify as to observing such evidence before it was deleted. Exigent circumstances existed to justify the warrantless search of defendant's cell phone.
That the entire search lasted only a few minutes, and was stopped upon ensuring the preservation of the evidence, underscores that this search was not an unreasonable warrantless search. The search of defendant's cell phone was permissible under the exigent circumstances exception.
The trial court did not err in denying defendant's motion to suppress evidence found on his cell phone when the search of his cell phone was justified because of the exigent circumstances that led Officer Pipkin to reasonably believe that warrantless action would prevent the imminent destruction of evidence.
As the brief search of defendant's cell phone was justified by the exigent circumstances exception to the warrant requirement, there is no need to address the legal argument regarding inevitable discovery by independent means. Similarly, as the Riley decision does not narrow the exigent circumstances exception under which the challenged evidence is admissible, there is no need to address the issue of good faith reliance on existing precedent under either the United States Constitution or North Carolina Constitution. We find no error in the trial court's denial of defendant's motion to suppress.
B. Motion for In Camera Review
In addition to challenging the trial court's denial of his motion to suppress, defendant requests that this Court conduct an in camera review of the sealed portions of the record to determine whether any evidence is favorable to him and material to his guilt or punishment. Specifically, defendant asks whether there are any inconsistent statements or other impeachment evidence, because the alleged victim's credibility was important to the State's case.
Those sealed portions of the record include records from interviews with the alleged victim from Holly Hill Hospital, Wilmington Health Access for Teens, Carousel Center, and Coastal Horizons.
Standard of Review
The standard of review for reviewing sealed documents from the trial court is de novo. State v. Perry , --- N.C. App. ----, ----, 776 S.E.2d 528, 542 (2015), appeal dismissed and disc. rev. denied , 368 N.C. 683, 781 S.E.2d 622 (2016). "On appeal, this Court is required to examine the documents to determine if they contain information that is 'both favorable to the accused and material to [either his] guilt or punishment.' " Id. at ----, 776 S.E.2d at 542 (quoting Pennsylvania v. Ritchie , 480 U.S. 39, 57, 94 L.Ed. 2d 40, 57 (1987) ). Defendant is entitled to disclosure of the evidence only if the sealed records contain evidence that is both "favorable" and "material." Id. at ----, 776 S.E.2d at 542 (quoting Ritchie , 480 U.S. at 59, 94 L.Ed. 2d. at 58-59 ). Favorable evidence "tends to exculpate the accused as well as any evidence adversely affecting the credibility of the government's witnesses [.]" Id. at ----, 776 S.E.2d at 542 (citing State v. McGill , 141 N.C. App. 98, 102-103, 539 S.E.2d 351, 355-56 (2000) ) (internal quotation marks omitted). Evidence is material if there is a reasonable probability that its disclosure to the defense would alter the result of the proceeding. Id.
We have examined the sealed documents and conclude they do not contain any information that is favorable or material to defendant's guilt or punishment. Defendant is not entitled to any disclosure of these documents.
C. Sentencing
In addition to the issues raised on appeal, we note that a post-sentencing hearing was held on 10 November 2015 to address a sentencing issue. At the hearing, both parties acknowledged that there was a clerical error in recording the maximum sentence for indecent liberties on the judgments. Unsure of the court's ability to correct the record, the parties noted their intention to do so by increasing the upper limit to the maximum imposed by law. Upon review, we acknowledge the trial court's mistake and remand the case to the trial court to correct the clerical error.
III. Conclusion
For the reasons discussed above, we find the trial court did not err in denying defendant's motion to suppress. We also conclude that the sealed documents do not contain any information favorable or material to defendant's guilt or punishment. However, we remand to the trial court for correction of the clerical error during sentencing.
NO ERROR. REMANDED.
Report per Rule 30(e).
Judges STROUD and ZACHARY concur.

"Lori" is a pseudonym used by both defendant and the State in their appellate briefs in order to protect the identity of a juvenile. The Court will use the pseudonym "Lori" for consistency.

We express no opinion at this time regarding the viability of defendant's characterization of his second pretrial motion challenging the admission of evidence as a "Motion to Reconsider." For the purposes of this discussion, it is enough to note the trial court's denial of said motion without addressing its procedural integrity.