STATE OF NORTH CAROLINA
v.
KOVACS KIERON TROUTMAN, Defendant.
No. COA09-667.
Court of Appeals of North Carolina.
Filed: February 2, 2010.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.
Daniel J. Clifton for defendant-appellant.
GEER, Judge.
Defendant Kovacs Kieron Troutman appeals from his convictions of felony fleeing to elude arrest and felony possession of cocaine. With respect to the felony possession of cocaine conviction, defendant contends the trial court erred in denying his motion to suppress evidence gained as a result of a traffic stop on 23 May 2007. Because, however, defendant failed to object to the admission of this evidence at the time it was offered at trial, he did not properly preserve this argument for appellate review. State v. Locklear, 145 N.C. App. 447, 551 S.E.2d 196 (2001).
Defendant also argues the trial court erred in denying his motion to dismiss the charge of felony fleeing to elude arrest for insufficient evidence. We hold that the State's evidence that defendant ran a stop sign and drove at a high rate of speed in the center of the road, when pursued by police, was sufficient to withstand the motion to dismiss. We, therefore, find no error.

Facts
On 16 July 2007, defendant was charged with felony possession of cocaine, alleged to have occurred on 23 May 2007. On 13 August 2007, he was charged with felony speeding to elude arrest, alleged to have occurred on 25 June 2007. The matters were joined for trial pursuant to a request by defendant. On or about 11 November 2008, defendant filed a motion to suppress evidence obtained as a result of a vehicle stop occurring on 23 May 2007. Defendant argued in his motion that he was operating his vehicle in a safe and lawful manner, that he did not commit any actions which would give rise to a reasonable suspicion of illegal activity, and that the stop was therefore unlawful.
The suppression hearing was held prior to trial on 18 November 2008. Sergeant Michael Sheppard testified for the State regarding the events of 23 May 2007 that led to the stopping of defendant's vehicle. Defendant did not present any evidence at the suppression hearing. The trial court made findings of fact, concluded based on those findings that Sergeant Sheppard had reasonable and articulable suspicion to stop the vehicle, and denied the motion to suppress.
At trial, the State's evidence tended to show the following facts. On 23 May 2007 at approximately 1:20 a.m., Sergeant Sheppard was on patrol on U.S. Highway 1 in Aberdeen, North Carolina. U.S. Highway 1 is a five-lane highway with two southbound lanes, a center turn lane, and two northbound lanes. Sergeant Sheppard observed a white Cadillac traveling southbound. He saw the vehicle weaving outside its lane of travel and straddling the dotted line dividing the two southbound lanes of travel.
Sergeant Sheppard moved closer to the vehicle due to his concern that the driver might be impaired and again observed the vehicle straddle the dividing line. After crossing through an intersection, the sergeant observed the vehicle cross over the dividing line a third time. He activated his blue lights and initiated a traffic stop due to his suspicion that the driver was impaired by either alcohol or drugs.
The driver of the vehicle moved from the inside lane to the outside lane as if he were going to pull over to the shoulder of the road, but then pulled back into the inside lane and then to the turn lane where he made a U-turn to go in the opposite direction. The driver pulled off to the right into a parking lot. Sergeant Sheppard approached the vehicle and detected a strong odor of marijuana coming from the vehicle. Defendant was the driver of the vehicle, and a female passenger was in the front seat.
Sergeant Sheppard had defendant exit his vehicle, conducted a pat-down of defendant's person for safety purposes, and discovered an "oddly-shaped, almost round, but not quite, hard substance, which in [his] opinion was [a] controlled substance, contraband." The object was a white hard substance in plastic wrap that was later determined by the State Bureau of Investigation to be crack cocaine. A partially smoked marijuana cigar was located in the ashtray of the car. No contraband was found on the female passenger's person.
On 25 June 2007, Officer Jason Embler was on patrol with the Southern Pines Police Department when he spotted defendant driving a white sport utility vehicle at approximately 3:45 p.m. Officer Embler's vehicle was located on South Mechanic Street when he saw defendant's car turn onto South Mechanic and pass by the officer's car. Officer Embler was aware that there was an existing warrant for defendant's arrest. South Mechanic Street is a two-lane street with no center dividing line. There is no posted speed limit on this street, but the Town of Southern Pines has a city-wide speed limit of 35 miles per hour unless otherwise posted. Defendant was initially driving within the speed limit on the right-hand side of the street. Officer Embler pulled in behind defendant and followed him. He also contacted communications and advised them that he was going to initiate a traffic stop.
Officer Embler activated his blue lights. Defendant made a right-hand turn onto West Illinois Avenue and began to accelerate as he turned. The officer saw the back end of the SUV drop down and heard its engine revving as defendant pulled away. Officer Embler continued following defendant's car and activated his sirens. Defendant made a full stop at a stop sign and made another right-hand turn onto South Henley Street. Officer Embler followed and saw defendant's vehicle stop in the middle of the street and the driver's side door quickly open. Although Officer Embler thought someone might be intending to jump out and start running, the door was quickly shut again, and defendant once again accelerated. Officer Embler advised communications that he was in pursuit of a vehicle. The area was a residential neighborhood, and no other cars were around.
Defendant made a left-hand turn onto West Massachusetts, a street approximately 175 yards long that intersects with South Stephens at a stop sign. Defendant approached the intersection, did not stop at the stop sign, did not appear to slow down, and turned onto South Stephens Street. At this point, Officer Embler checked his speedometer and saw that he was traveling at approximately 50 miles per hour. Defendant's car was "at least two car lengths in front of [the officer's car] and still be [sic] pulling away." The officer, therefore, believed defendant was traveling "at least fifty-five or more" miles per hour. He also observed that defendant was traveling in the middle of the roadway the entire length of the block, which extended approximately 455 feet. There were people standing on the edge of the roadway near the grass on South Stephens Street.
Defendant slammed on his brakes at the intersection with West New York Avenue even though there was no stop sign in the direction defendant was traveling. He came to a stop in the middle of the intersection and then made a right turn onto West New York Avenue.
Defendant again accelerated on West New York, causing the rear of the vehicle to again drop down as he traveled in the middle of the road. When defendant passed South Henley Street, he pulled over to the right-hand side of the street. Officer Embler exited his vehicle and approached the SUV. He saw defendant leave the SUV and advised defendant "multiple times to get on the ground." Defendant began walking toward the officer, "put his hands behind his back and walked backwards" to Officer Embler, who placed him under arrest. The total distance of the chase was 0.7 miles.
Defendant did not present any evidence. At the close of the State's evidence and at the close of all the evidence, defendant moved to dismiss the charge of felony fleeing to elude arrest. The trial court denied those motions. Defense counsel then acknowledged that he had not objected to any of Officer Sheppard's testimony at trial that had been the subject of defendant's motion to suppress, but moved to renew the motion to suppress, as well as "to strike from the jury's consideration any testimony concerning what Officer Sheppard observed after he stopped [defendant's] vehicle." The trial court denied this motion as well.
The jury found defendant guilty of fleeing to elude arrest and of felony possession of cocaine. The trial court sentenced defendant to consecutive presumptive-range terms of 10 to 12 months and six to eight months imprisonment. The trial court suspended the latter sentence and placed defendant on supervised probation for a period of 36 months following completion of his first sentence. Defendant timely appealed to this Court.

I
Defendant first contends that the trial court erred in denying his pretrial motion to suppress evidence obtained as a result of the stop by Officer Sheppard on 23 May 2007. Defendant did not, however, object to the admission of the evidence at the time it was ultimately offered at trial. In Locklear, 145 N.C. App. at 452, 551 S.E.2d at 199 (internal citations and quotation marks omitted), this Court held:
[A]n objection to an order granting or denying a motion in limine is insufficient to preserve for appeal the question of the admissibility of evidence. In order to preserve the issue for appeal, [a] party objecting to an order granting or denying a motion in limine . . . is required to object to the evidence at the time it is offered at the trial (where the motion was denied) or attempt to introduce the evidence at the trial (where the motion was granted).
We, therefore, do not reach the merits of this argument.

II
Defendant also contends that the trial court erred in denying his motion to dismiss the charge of felony speeding to elude arrest because the State failed to present sufficient evidence of the aggravating factor of reckless driving necessary to elevate the offense to a felony. When a trial court is faced with a motion to dismiss for lack of sufficient evidence, the court must determine whether the State has presented substantial evidence (1) of each essential element of the offense charged or a lesser included offense and (2) of defendant's identity as the perpetrator. State v. Earnhardt, 307 N.C. 62, 65-66, 296 S.E.2d 649, 651 (1982).
"`Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" State v. Jarrett, 137 N.C. App. 256, 262, 527 S.E.2d 693, 697 (quoting State v. Jacobs, 128 N.C. App. 559, 563, 495 S.E.2d 757, 760-61, disc. review denied, 348 N.C. 506, 510 S.E.2d 665 (1998)), disc. review denied, 352 N.C. 152, 544 S.E.2d 233 (2000). This Court must view the evidence in the light most favorable to the State, with all reasonable inferences to be drawn therefrom. State v. Scott, 356 N.C. 591, 596, 573 S.E.2d 866, 869 (2002). Any contradictions or discrepancies in the evidence are for the jury to resolve and do not warrant dismissal of the case. Id.
The offense of speeding to elude arrest is prohibited by N.C. Gen. Stat. § 20-141.5 (2009), which provides in part:
(a) It shall be unlawful for any person to operate a motor vehicle on a street, highway, or public vehicular area while fleeing or attempting to elude a law enforcement officer who is in the lawful performance of his duties. Except as provided in subsection (b) of this section, violation of this section shall be a Class 1 misdemeanor.
(b) If two or more of the following aggravating factors are present at the time the violation occurs, violation of this section shall be a Class H felony.
(1) Speeding in excess of 15 miles per hour over the legal speed limit.
. . . .
(3) Reckless driving as proscribed by G.S. 20-140.
Subsections (b)(1) and (b)(3) are the relevant aggravating factors at issue in this case.
Defendant specifically challenges the evidence as not supporting reckless driving. Reckless driving is addressed in relevant part in N.C. Gen. Stat. § 20-140 (2009):
(a) Any person who drives any vehicle upon a highway or any public vehicular area carelessly and heedlessly in willful or wanton disregard of the rights or safety of others shall be guilty of reckless driving.
(b) Any person who drives any vehicle upon a highway or any public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving.
Here, the State presented evidence that defendant was driving at approximately 55 miles per hour in a 35 mile-per-hour zone. In addition, Officer Sheppard observed defendant drive through a stop sign without stopping; travel down the middle of the road, straddling lanes, at a high rate of speed; slam on his brakes in the middle of an intersection; and on at least one stretch of road during the chase, drive excessively fast while there were pedestrians on the side of the road. This evidence, taken in the light most favorable to the State, is more than sufficient to support a finding that defendant drove recklessly pursuant to N.C. Gen. Stat. § 20-140. By ignoring a stop sign and driving at a high rate of speed in the center of the road, he demonstrated a wanton and willful disregard for the rights and safety of others, and he drove without due caution in a manner likely to endanger others. We, therefore, hold that the trial court properly denied defendant's motion to dismiss.
No error.
Judges McGEE and ROBERT HUNTER, JR. concur.
Report per Rule 30(e).